**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SATURNINO GOMEZ PEREZ, an individual, on behalf of by of himself and all other plaintiffs similarly situated, known and unknown, | )<br>)<br>) Case No.: 1:19-cv-04668 |
| Plaintiff, | ) |
| v. | )<br>) |
| ALBANY RESTAURANT, INC., a dissolved Illinois corporation d/b/a PEKING MANDARIN RESTAURANT, PEKING MANDARIN RESTAURANT, an unincorporated entity, and HAIAO KAO, an individual a/k/a TINA KAO, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**COLLECTIVE ACTION COMPLAINT**

The Plaintiff, Saturnino Gomez Perez, on behalf of himself and all other plaintiffs similarly situated, known and unknown, by and through his attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, Albany Restaurant, Inc., d/b/a Peking Mandarin Restaurant, Peking Mandarin Restaurant (together, "Peking Mandarin Restaurant"), and Haiao Kao, a/k/a Tina Kao ("Kao") (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiff, and other similarly situated employees, statutory minimum wages and overtime compensation for hours worked over forty (40) in a workweek, while compensating the Plaintiff, and other similarly situated employees, on an improper salary basis.

Plaintiff, and other similarly situated employees, are current and former food preparers, dishwashers, cleaners and kitchen staff employees of Defendants' Peking Mandarin Restaurant.

2. Plaintiff brings his FLSA claims as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent forms to act as the representative party in this collective action is attached as Exhibit A. (See Exh. A).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

5. Plaintiff is a former employee of the Defendants' Peking Mandarin Restaurant located at 3459 W. Lawrence Avenue in Chicago, Illinois. Plaintiff worked as a food preparer, dishwasher, cleaner and kitchen staff employee at Defendants' restaurant from July, 2015 through June 18, 2019.

6. During the course of his employment, Plaintiff regularly used and handled goods and materials, including perishable food and food products, cleaning products, tools and utensils which moved in interstate commerce prior to being used or purchased in Illinois.

7. Plaintiff resides in and is domiciled in this judicial district.

8. Defendant Albany Restaurant, Inc. is a dissolved Illinois corporation that operates the Peking Mandarin Restaurant located on West Lawrence Avenue in Chicago, Illinois, and Defendant Peking Mandarin Restaurant is an unincorporated entity that operates the Peking

Mandarin Restaurant on West Lawrence Avenue and are engaged in selling and serving prepared food and beverages, including alcoholic beverages, to customers for consumption on and off its premises.

9. Defendant Albany Restaurant, Inc. is formerly registered in Illinois as a corporation and its president, secretary, registered agent and registered office are located within this judicial district. Defendant Peking Mandarin Restaurant is not registered in Illinois.

10. Upon information and belief, Defendants have earned more than $500,000 in annual gross revenue during 2016, 2017, 2018 and 2019.

11. Defendant Haiao Kao, a/k/a Tina Kao, is an owner and the manager of the Peking Mandarin Restaurant and business.

12. At all times relevant to this action, Defendant Kao possessed extensive oversight over the Peking Mandarin Restaurant and its business operations. Defendant Kao was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; she possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

13. Upon information and belief, Defendant Kao resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

14. During the period from July, 2016 through June 18, 2019, Plaintiff Gomez regularly worked six (6) days a week including Monday, and Wednesday through Sunday. Plaintiff worked from approximately 10:00 a.m. to 10:00 p.m. each work day. Plaintiff typically did not work on Tuesday.

15. Based on his schedule, Plaintiff regularly worked approximately seventy-two (72) hours in individual workweeks from July, 2016 through June 18, 2019.

16. Defendants paid Plaintiff a bi-monthly salary on the 15th day and the last day of each month with unreported cash in the following amounts: $1,100 during January-June, 2016; $1,150 during July-December, 2016; $1,200 during January-June, 2017; $1,250 during July-December, 2017; $1,300 during January-June, 2018; $1,350 during July-December, 2018; and, $1,400 during 2019.

17. Defendants paid Plaintiff below the federal, state and municipal minimum wage rates during his term of his employment.

18. Defendants did not compensate Plaintiff, and other non-exempt food preparers, dishwashers, cleaners and kitchen staff employees, at one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in individual work weeks.

19. Defendants never paid Plaintiff an overtime premium when he worked more than forty (40) hours in a work week.

20. In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff and other non-exempt employees.

**COLLECTIVE ACTION ALLEGATIONS**

21. Plaintiff bring his FLSA claims as a collective action on behalf of himself and all other similarly situated current and former food preparers, dishwashers, cleaners and kitchen staff employees that worked for Defendants during the last three years before the filing of this suit.

4

22. During the last three years before the filing of this suit, Plaintiff, and all other similarly situated current and former food preparers, dishwashers, cleaners and kitchen staff employees, have had substantially similar job descriptions, job requirements and pay rates.

23. Plaintiff, and all other similarly situated current and former food preparers, dishwashers, cleaners and kitchen staff employees, were paid below the statutory minimum wage rate due to unlawful salary arrangements.

24. Plaintiff and other similarly situated current and former food preparers, dishwashers, cleaners and kitchen staff employees worked more than forty (40) hours in individual workweeks and received no overtime premium for hours worked in excess of forty (40) in a workweek due to unlawful salary arrangements.

25. Plaintiff and the other similarly situated food preparers, dishwashers, cleaners and kitchen staff employees were subject to Defendants' common policy and plan to violate the FLSA by willfully refusing to pay statutory minimum wages, and willfully refusing to pay overtime compensation when they worked in excess of forty (40) hours in an individual workweek.

26. During the last three years before the filing of this suit, Defendants had a common policy and practice that consisted of (a) compensating the Plaintiff and other similarly situated current and former food preparers, dishwashers, cleaners and kitchen staff employees below the required minimum wage and (b) never paying overtime compensation to the named Plaintiff and other similarly situated current and former food preparers, dishwashers, cleaners and kitchen staff employees for any hours worked in excess of forty (40) in a workweek.

27. Defendants at all times failed to pay Plaintiff, and other similarly situated food preparers, dishwashers, cleaners and kitchen staff employees, any overtime compensation

including at a rate of one and one-half times their regular hourly rates of pay when they worked more than forty (40) hours in an individual work week.

28. Plaintiff's claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provisions.

29. Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

30. There are numerous similarly situated current and former food preparers, dishwashers, cleaners and kitchen staff employees who worked for Defendants' restaurant and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

31. The similarly situated current and former food preparers, dishwashers, cleaners and kitchen staff employees are known to the Defendants and are identifiable in Defendants' timekeeping, payroll and other records.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

32. Plaintiff hereby incorporates paragraphs 1 through 31 as though stated herein.

33. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

34. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §§ 207, 213.

35. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

36. Defendant Peking Mandarin Restaurant is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

37. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and the other non-exempt food preparers, dishwashers, cleaners and kitchen staff employees worked more than forty (40) hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over forty (40) in a workweek.

38. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

39. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiff and other food preparers, dishwashers, cleaners and kitchen staff employees were scheduled to work and regularly did work more than forty (40) hours in a workweek. Defendants further avoided overtime wage obligations by placing the Plaintiff, and those similarly situated, on an illegal salary compensation plan. In an attempt to conceal their overtime violations, Defendants paid wages to Plaintiff, and those similarly situated, "under the table" in cash. Upon information and belief, Defendants' cash payments were not reported to federal and state tax and revenue departmental agencies. Additionally, Defendants violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Saturnino Gomez Perez, on behalf of himself and all other plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Albany Restaurant, Inc. d/b/a Peking Mandarin Restaurant, Peking Mandarin Restaurant, and Haiao Kao, a/k/a Tina Kao, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Fair Labor Standards Act – Minimum Wages

40. Plaintiff hereby incorporates paragraphs 1 through 31 as though stated herein.

41. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

42. Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

43. During the course of Plaintiff's employment with Defendants, Defendants employed other food preparers, dishwashers, cleaners and kitchen staff employees who were similarly not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

44. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

45. Defendant Peking Mandarin Restaurant is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operates as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

46. Pursuant to 29 U.S.C. § 206, Plaintiff, as well as other non-exempt cooks, food preparers and kitchen staff employees were entitled to be compensated according to the applicable minimum wage rate.

47. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff and other non-exempt food preparers, dishwashers, cleaners and kitchen staff employees minimum wages was willful and not in good faith. Defendants concealed their failure to pay minimum wages by paying Plaintiffs with cash "under the table" and providing no wage statement records. On information and belief, Defendants' cash wage payments were not reported to federal and state tax and revenue agencies. Additionally, Defendants failed to record the number of hours worked by Plaintiffs and other non-exempt employees, and otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Saturnino Gomez Perez, on behalf of himself and all other plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Albany Restaurant, Inc. d/b/a Peking Mandarin Restaurant, Peking Mandarin Restaurant, and Haiao Kao, a/k/a Tina Kao, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Liquidated damages in an amount equal to the amount of unpaid minimum wages found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law – Overtime Wages

48. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

49. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

50. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

51.     Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

52.     Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

53.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Saturnino Gomez Perez, prays for a judgment against Defendants, Albany Restaurant, Inc. d/b/a Peking Mandarin Restaurant, Peking Mandarin Restaurant, and Haiao Kao, a/k/a Tina Kao, as follows:

A.  Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.  Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C.  Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.  Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law – Minimum Wages

54.     Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

55.     Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

56.     Plaintiff was not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

57. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

58. Pursuant to 820 ILCS § 105/4, Plaintiff was entitled to be compensated according to the applicable minimum wage rate under the IMWL.

**WHEREFORE**, the Plaintiff, Saturnino Gomez Perez, prays for a judgment against Defendants, Albany Restaurant, Inc. d/b/a Peking Mandarin Restaurant, Peking Mandarin Restaurant, and Haiao Kao, a/k/a Tina Kao, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Chicago Minimum Wage Ordinance – Overtime Wages

59. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

60. Plaintiff was an "employee" under the CMWO § 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

61. Defendants were each an "employer" as defined in the CMWO § 1-24-10.

62. Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

63. Defendants' failure and refusal to pay any overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO § 1-24-040.

**WHEREFORE**, the Plaintiff, Saturnino Gomez Perez, prays for a judgment against Defendants, Albany Restaurant, Inc. d/b/a Peking Mandarin Restaurant, Peking Mandarin Restaurant, and Haiao Kao, a/k/a Tina Kao, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of three times the amount of unpaid overtime;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT VI
## Violation of the Chicago Minimum Wage Ordinance – Minimum Wages

64. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

65. Plaintiff was an "employee" under the CMWO, § 1-24-10 of the Municipal Code of Chicago, and was not exempt from the minimum wage provisions of the CMWO, § 1-24-050.

66. Defendants were each an "employer" as defined in the CMWO, § 1-24-10.

67. Under § 1-24-020(a), Plaintiff was entitled to be compensated according to the minimum wage requirements of CMWO.

68. Defendants' failure and refusal to pay wages at the minimum wage rates was a violation of the minimum wage provisions of the CMWO § 1-24-040.

**WHEREFORE**, the Plaintiff, Saturnino Gomez Perez, prays for a judgment against Defendants, Albany Restaurant, Inc. d/b/a Peking Mandarin Restaurant, Peking Mandarin Restaurant, and Haiao Kao, a/k/a Tina Kao, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Statutory damages in the amount of three times the amount of unpaid minimum

      wages found due;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.     Such other and further relief as this Court deems appropriate and just.

Dated: July 11, 2019                      Respectfully submitted,

                                                         Saturnino Gomez Perez,
on behalf of himself and all other plaintiffs similarly situated, known and known,
Plaintiff,

                                                          /s/ Timothy M. Nolan
                                                          _____
                                                          Attorney for the Plaintiff

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com